■ In the Matter of the Accounting of MARINE MIDLAND BANK, Formerly MARINE MIDLAND BANK-ROCHESTER, as Executor of VICTOR M. BREEN, Deceased.—Decree unanimously affirmed, with costs to estate of Victor M. Breen. Memorandum: On this appeal the executor for the estate of the widow and residuary legatee of the estate pursues an objection to the amended account filed by Marine Midland Bank as executor. Appellant contends that the Surrogate erred in allowing as a claim a debt owed to Marine Midland Bank upon an overdrafted account and in determining that a certain Marine Midland Bank savings account constituted an asset of the estate. In March, 1959 the deceased, a medical doctor, and his wife, who is the appellant herein, entered into an agreement with the Genesee Valley Union Trust Company, predecessor of Marine Midland Bank (Bank), whereby the Bank would manage the doctor's financial affairs, receiving all income from his medical practice, paying his professional expenses and income tax, and providing him and his wife with funds each month to pay their personal expenses. The Bank established an account (professional account) in its own name as agent for deceased and his wife in order to implement this agency agreement. Periodically between 1959 and deceased's death in 1974, the professional account was overdrawn. Though no specific term in the agency agreement permitted the Bank, as agent, to borrow money for deceased, in December, 1968 he signed a letter approving the Bank's proposal to begin charging interest on these overdrafts. Also in 1968 he discussed with the Bank the possibility of paying his income taxes on a monthly basis. Since the IRS allows only quarterly, rather than monthly, payments, he and the Bank decided to establish a separate account into which monthly deposits would be made by the Bank from the professional account for the purpose of accumulating funds for quarterly income tax payments. That same month the Bank established an interest bearing savings account in its own name as agent for deceased and his wife. Neither passbooks nor signature cards were ever issued for it and deceased and his wife never made any deposit or withdrawal from it. At deceased's demise in 1974 the professional account was overdrawn in the amount of $17,780.08 and the tax account contained a balance of $15,458.03. The Bank was the executor of deceased's estate and the Surrogate allowed, over the widow's objection, the Bank's accounting which listed the $17,780.08 overdraft of the professional account as a debt of the estate and the $15,458.03 balance in the tax account as an asset of the estate. The first contention of the executor of the widow's estate is that the $17,780.08 debt to Marine Midland

Bank should not be allowed against deceased's estate because the Bank lacked authority under the original agency agreement to borrow money in his name. The December, 1968 letter stating that the Bank would thenceforth begin charging interest on overdrafts in the professional account constitutes an implied authorization for the Bank to continue overdrawing the account when necessary. The deceased signed this letter on a line marked "Approved" and returned it to the Bank. In addition, such borrowing was approved by a long course of dealing which constituted a ratification by deceased of the Bank's practice *(Hedeman v Fairbanks, Morse & Co.,* 286 NY 240, 248-249). Bank statements were sent to him periodically from the inception of the 1959 agency agreement which, presumably, carried a record of all overdrafts incurred on his behalf. Therefore, the Surrogate properly found that the Bank possessed at least implied authority to borrow upon his credit and that the overdraft so incurred was a claim properly chargeable against the estate. The second contention on appeal is that the tax account was a joint account with right of survivorship and thus not an asset of the estate since it passed to the widow upon her husband's death. The record, however, supports the conclusion that the tax account was not a true joint account. First, the account was not in the joint names of deceased and his wife; rather, the account was entitled "Marine Midland Bank, Rochester, Agent" and then set forth the names of deceased and his wife; second, signature cards were never signed nor passbooks issued to either deceased or his widow; and third, the deceased expressed a particular intention in writing to limit even his access to the funds therein which were to be used for the sole purpose of providing a fund for the payment of quarterly estimated income taxes. Accordingly, the Surrogate properly found that this account was an asset of the estate. (Appeal from decree of Livingston County Surrogate's Court—judicial settlement of accounts.) Present—Cardamone, J. P., Hancock, Jr., Callahan, Doerr and Moule, JJ.